## *The People* v. *Freer, Printer of the Ulster Gazette.*

A RULE was granted last term, for the defendant to show cause on the first day of this, why an attachment should not issue against him, for a contempt, in publishing some paragraphs in the *Ulster Gazette,* respecting the trial of *Harry Croswell,* for a libel on the President, then *sub judice.*

*Hamilton,* on bringing in the affidavit of the defendant, (who did not himself appear in court,) moved for an enlargement of the rule till the next term, to consult with the defendant as to expunging some part of the matters introduced, as irrelevant. The idea of an intentional contempt was, he said, denied, but there were circumstances introduced, which counsel thought had better be omitted.

*Per Curiam.* If the application had been to supply any new fact, and that fact had been made to appear by affidavit, it would have been attended to; but we cannot enlarge a rule merely to give counsel an opportunity to consider of the propriety of expunging

parts of an affidavit, which, we must consider, has been made according to the truth of the case.

*Hamilton* then read the affidavit, which did not deny the publication, but only went to negative any intentional contempt or disrespect towards either the court or its members.

*Sandford*, contra. The publication being confessed, the court has only to pronounce, whether it amounts to a contempt or not. The intention, giving it the utmost latitude, can be taken only in mitigation. It cannot make the publication less a contempt. A man cannot justify his conduct by saying, I have offended, but did not mean to sin. The question is simply this, ought an attachment to go for this publication? In deciding this question the court is not to look beyond the words contained in the paper.

*Hamilton*, in reply. I cannot subscribe to the doctrine, that the court will not look beyond the paper itself. This is extending the doctrine of libels. I have heard, that there the truth may not be given in evidence, but never yet did I hear, that another paper, or circumstance, may not be given in evidence to show the intent. So here, the motive of publication may surely be urged to prove, that no contempt, in fact, existed.

*Per Curiam.* The affidavit does not justify the publication. It is at best but an excuse. On such occasions as the present, the defendant ought to appear in person and answer. Let, therefore, the rule for an attachment be made absolute.